

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLARENCE CAVINES, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 07 C 5295 |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Before the Court is pro se Petitioner Clarence Cavines' motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court denies Cavines' Section 2255 motion.

## BACKGROUND

On July 6, 2006, Cavines entered into a written plea of guilty to a single count indictment charging bank robbery in violation of 18 U.S.C. § 2113. Cavines' written plea agreement states the following:

> On the evening of March 5, 2006, defendant [Cavines] met with Rhian Moore and they agreed that they would rob a bank the next morning. The next morning, defendant and Moore met and drove around looking for a bank to rob. Defendant and Moore passed by the Chase Bank at 5135 N. Clark Street, Chicago, Illinois (the "Bank"), and defendant decided to rob that bank because he was familiar with its layout. Moore agreed to rob the Bank.
>
> Defendant and Moore planned the robbery before they entered the Bank. They agreed that Moore would go into the Bank first and gather up all the people in the Bank while defendant went to the bank counter. Defendant gave Moore a toy silver gun to use during the bank robbery.

> Defendant and Moore then went into the Bank. Defendant jumped over the bank counter and ordered bank employees and customers to get behind the bank counter. Moore used the toy gun to force customers and bank personnel who were in the lobby to go behind the bank counter. Defendant ordered two Bank employees to open the safe and put approximately $105,100 in cash from the safe into a garbage bag.
>
> ....
>
> Defendant and Moore ran away from the Bank after police arrived on the scene. Defendant carried the garbage bag full of $105,100 as he ran out of the Bank, but dropped the bag a few stores away.

(06 CR 156-1, R. 33-1, Plea Agreement, at 2-3.) Cavines' plea agreement also stated:

> Defendant further understands that he is waiving all appellate issues that might have been available if he had exercised his right to trial, and may only appeal the validity of his plea of guilty or the sentenced imposed.

(*Id.* at 10.)

On July 6, 2006, Cavines pleaded guilty and the Court sentenced him to 80 months imprisonment on September 28, 2006. Cavines did not file a direct appeal to the Seventh Circuit. On September 19, 2007, Cavines filed the present Section 2255 motion.

## **LEGAL STANDARD**

"[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007). A district court will only grant a Section 2255 motion to vacate, set aside or correct a sentence if the petitioner establishes "that the district court sentenced him in violation of the Constitution or laws of the United States or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." *Hayes v. United States,* 397 F.3d 564, 566-67 (7th Cir. 2005) (citations and internal quotations omitted). A Section 2255 motion is not a substitute for a

direct criminal appeal – it is not the means by which a convicted defendant may appeal the same claims a second time. *See Coleman v. United States*, 318 F.3d 754, 760 (7th Cir. 2003); *see also Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007) (Section 2255 motion is "neither a recapitulation of nor a substitute for a direct appeal.") (citation omitted). Accordingly, if a Section 2255 petitioner does not raise a claim in his direct appeal, that claim is barred from the Court's collateral review unless the petitioner can demonstrate cause for the procedural default and actual prejudice from the failure to appeal, *see Fuller v. United States*, 398 F.3d 644, 648 (7th Cir. 2005), that enforcing the procedural default would lead to a "fundamental miscarriage of justice," *see Anderson v. Benik*, 471 F.3d 811, 815 (7th Cir. 2006), or a change of circumstances involving facts or law. *See Varela*, 481 F.3d at 935-36. Because claims of ineffective assistance of counsel usually involve evidence outside the record, these claims may be brought for the first time in a Section 2255 motion. *See Massaro v. United States*, 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003).

## ANALYSIS

Construing Cavines' pro se Section 2255 motion liberally, *see Benders v. Bellows & Bellows*, 515 F.3d 757, 767 (7th Cir. 2008), Cavines argues that (1) he was denied constitutionally effective assistance of trial counsel, and (2) the Court made numerous errors.

### I. Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, Cavines must show (1) his attorney's performance "fell below an objective standard of reasonableness," and (2) "but for counsel's unprofessional errors the result of the proceeding would have been different." *See Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). If Cavines fails to

3

make a proper showing under one of the *Strickland* prongs, the Court need not consider the other. *See id.* at 697 ("In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant ...."); *see also Amerson v. Farrey*, 492 F.3d 848, 851 (7th Cir. 2007). "[B]ecause counsel is presumed effective, a party bears a heavy burden in making a winning claim based on ineffective assistance of counsel." *Shell v. United States*, 448 F.3d 951, 955 (7th Cir. 2006) (citation omitted).

In the context of a guilty plea, the Supreme Court has articulated that "a defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received was constitutionally ineffective." *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (quotations omitted). In this context, under the prejudice prong of the *Strickland* standard, Cavines must show "that there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial." *Bethel v. United States*, 458 F.3d 711, 716-17 (7th Cir. 2006).

### A. Castellanos Claim

Cavines first argues that his attorney was constitutionally ineffective because counsel failed to file a notice of appeal. *See Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir. 1994). In *Castellanos*, the Seventh Circuit announced the rule that an attorney's failure to file an appeal – if requested to do so by his client – is per se ineffective assistance of counsel. *See id.* at 719-20; *see also United States v. Sura*, 511 F.3d 654, 663 (7th Cir. 2007) ("When a lawyer has failed to file notice of appeal upon her client's request, we routinely grant motions under 28 U.S.C. § 2255."). As the Seventh Circuit instructs, "[r]equest" is an important ingredient in this

4

formula. A lawyer need not appeal unless the client wants to pursue that avenue." *Castellanos*, 26 F.3d at 719. Because Cavines did not file a specific affidavit showing that he had actual proof of his allegations, the Court directed Cavines to file an affidavit supporting his *Castellanos* claim, which he filed on February 7, 2008. *See Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006). In the Court's order directing Cavines to file an affidavit, the Court referenced both the *Castellanos* and *Kafo* decisions. (R. 14-1, Minute Order, Jan. 17, 2008.)

Noticeably missing from Cavines' February 7, 2008, affidavit is any suggestion that he requested his counsel to file a notice of appeal. *See Castellanos*, 26 F.3d at 719. Instead, Cavines avers that "had trial counsel consulted with me, I would have directed counsel to file [a] timely notice of appeal." (R. 16-1, Cavines Aff. ¶ 8.) In fact, Cavines did not state that he told his counsel to file a notice of appeal in his Section 2255 motion or accompanying memorandum. He merely stated that his trial counsel was constitutionally ineffective "for failing to file [a] notice of appeal." (R. 1-1, Section 2255 Mot., at 9.) In short, Cavines' claim fails because he did not request his attorney to file a notice of appeal as required under *Castellanos*.

### B. Other Ineffective Assistance of Counsel Claims

#### 1. Mental Health History

Cavines also argues that counsel was ineffective because he failed to bring to the Court's attention that Cavines had a history of mental health problems and failed to investigate or present evidence of Cavines' mental health problems at sentencing. In Cavines' sentencing memorandum, his counsel discussed Cavines' mental health issues and that Cavines had attempted suicide in the past. (06 CR 0156, R. 37-1, Defs.' Sent. Mem., at 3.) Also, Cavines' presentence investigation report thoroughly discussed his mental health history. (PSR, at 18-20.)

Moreover, at sentencing, Cavines' counsel argued that the Court should sentence Cavines below the guideline range of 78 to 97 months because of Cavines' mental health condition. (R. 10-5, Sent. Hr'g Tr., at 4-5.) Based on this information, Cavines' argument that counsel failed to bring his mental health history to the Court's attention and that counsel failed to investigate or present evidence of Cavines' mental health problems at sentencing are without a factual basis.

2.  **Competency**

Next, Cavines argues that trial counsel was constitutionally ineffective for failing to (1) request a competency (fitness) hearing, (2) move the Court for a psychiatric exam, and (3) have Cavines evaluated by a mental health professional. In essence, Cavines is arguing that he was not competent to give his guilty plea and that trial counsel was ineffective for failing to move the Court for a competency hearing. To be competent to stand trial or give a guilty plea, the defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding [and] a rational as well as factual understanding of the proceedings against him." *United States v. Ewing*, 494 F.3d 607, 622 (7th Cir. 2007) (quoting *Dusky v. United States*, 362 U.S. 402, 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960) (per curiam)); *see also Burt v. Uchtman*, 422 F.3d 577, 564 (7th Cir. 2005) ("defendant must also be competent at the time he pleads guilty, and the standard governing competency to plead guilty is the same as that used to evaluate competency to stand trial."). In the context of an ineffective assistance of counsel claim, "[w]here a defendant argues that he should have received a fitness hearing, we have interpreted the prejudice inquiry as asking whether there is a reasonable probability the defendant would have been found unfit had a hearing been held." *Burt*, 422 F.3d at 567.

At his change of plea hearing, the Court determined that Cavines was competent to plead guilty. (R. 10-2, July 6, 2006, Change Plea Hr'g Tr., at 3-6.) During the Court's questioning, Cavines informed the Court that he took medication for his anger management. (*Id.* at 5-6.) Cavines, however, told the Court that this medication did not affect his ability to understand or think. (*Id.* at 6.) Cavines further explained that he had been seeing a psychiatrist at a Community Counseling Center for his anger management. (*Id.* at 6-7.) Thereafter, the Court asked Cavines if he had difficulty understanding the proceedings, to which Cavines stated no. (*Id.* at 7.) The Court also asked Cavines' counsel and the Assistant United States Attorney if they had any doubt to Cavines' competency to plead guilty, to which they answered no. (*Id.*) The Court – based on its observations and the answers to its questions – then concluded that Cavines was competent to offer a guilty plea in this matter. (*Id.*) Cavines also informed the Court that he had had enough time to talk to his counsel about his guilty plea, that he was satisfied with counsel's advise and efforts, and that he understood the nature of the charge against him. (*Id.* at 7-8.)

Based on Cavines' plea colloquy, Cavines has failed to establish the prejudice prong of his ineffective assistance of counsel claim because there is not a "reasonable probability" that the Court would have found him unfit had the Court conducted a competency hearing. *See Burt*, 422 F.3d at 567. It was abundantly clear at Cavines' plea hearing that he had the ability to consult with his lawyer and that he understood the proceedings and charge against him. *See Ewing*, 494 F.3d at 622. Thus, Cavines' arguments based on his competency to give his guilty plea fail.

3. **Insanity Defense**

Next, Cavines maintains that his trial counsel rendered constitutionally ineffective assistance because he failed to advise Cavines of a possible mental illness defense, presumably the insanity defense pursuant to 18 U.S.C. § 17(a). "Counsel has an obligation to investigate possible defenses or make reasonable decisions that particular investigations are unnecessary." *Burt*, 422 F.3d at 566; *see also Strickland*, 466 U.S. at 691 ("counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary."). The governing federal statute states:

> (a) Affirmative defense. – It is an affirmative defense to a prosecution under any Federal statute that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts. Mental disease or defect does not otherwise constitute a defense.

18 U.S.C. § 17. In other words, to "succeed on an insanity defense, a defendant must prove that as the result of a severe mental disease or defect he was unable to appreciate the nature and quality or wrongfulness of his acts." *United States v. Waagner*, 319 F.3d 962, 964 (7th Cir. 2003) (citing 18 U.S.C. § 17(a)). Moreover, "it is the defendant, not the government, that must carry the burden of proving insanity (which is an affirmative defense) by clear and convincing evidence." *Id.* (citing 18 U.S.C. § 17(b)).

As the record reveals, Cavines appreciated the wrongfulness of his conduct. *See United States v. Ewing*, 494 F.3d 607, 621 (7th Cir. 2007) ("wrongfulness for purposes of the federal insanity defense statute is defined by reference to objective societal or public standards of moral wrongfulness"). For instance, Cavines testified before the Grand Jury regarding his involvement in the bank robbery and gave three proffers to the government concerning information regarding other bank robberies. As such, Cavines accepted responsibility for his offense and aided the

8

government in supplying information about other bank robberies. Indeed, from the proceedings before the Court, there was no suggestion that the insanity defense was applicable. Because Cavines appreciated the wrongfulness of his conduct, his attorney's decision not to inform him of the insanity defense did not fall below an objective standard of reasonableness – especially in light of defendant's burden of establishing this defense by clear and convincing evidence. *See Strickland*, 466 U.S. at 688; *Waagner*, 319 F.3d at 964. Therefore, Cavines' argument that counsel was constitutionally ineffective for failing to advise him of a possible mental illness defense is without merit.[1]

## II. Trial Court's Errors

Next, Cavines argues that the Court erred when it (1) failed to conduct a competency hearing, including ordering a psychiatric examination, (2) failed to verify that he had read and discussed his presentence report with his trial counsel in violation of Federal Rule of Criminal Procedure 32(i)(1)(A), and (3) abused its discretion because it did not sentence him below the applicable guidelines range.

As previously discussed, Cavines' plea agreement included the following language:

> Defendant further understands that he is waiving all appellate issues that might have been available if he had exercised his right to trial, and may only appeal the validity of his plea of guilty or the sentenced imposed.

---

[1] Cavines also alleges that trial counsel was ineffective "in the plea phase of the criminal process" and "for failing to prepare for the plea." Cavines makes no arguments in support of these claims. For instance, Cavines fails to argue that based on this unspecified conduct "there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial." *Bethel v. United States*, 458 F.3d 711, 716-17 (7th Cir. 2006); *see also Santos v. Kolb*, 880 F.2d 941, 943 (7th Cir. 1989) ("A specific explanation of why the defendant alleges he would have gone to trial is required."). Accordingly, any such claims fail.

9

(Plea Agreement, at 10.) At his plea hearing, Cavines also informed the Court that he understood that he was waiving certain appellate rights by pleading guilty. (Change Plea Hr'g Tr., at 11-12.)

In fact, these claims are procedurally defaulted because Cavines did not – and could not – bring these claims in a direct appeal. *See Varela,* 481 F.3d at 935 (Section 2255 motion is "neither a recapitulation of nor a substitute for a direct appeal.") (citation omitted). Because Cavines did not raise these claims on direct appeal, they are barred from the Court's collateral review unless he can demonstrate cause for the procedural default and actual prejudice from the failure to appeal, *see Fuller,* 398 F.3d at 648, that enforcing the procedural default would lead to a "fundamental miscarriage of justice," *see Anderson,* 471 F.3d at 815, or a change of circumstances involving facts or law. *See Varela,* 481 F.3d at 935-36. Cavines fails to make any such arguments, therefore these claims are procedurally defaulted.

These claims also fail on the merits. Under Section 2255, "relief is appropriate only for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States,* 366 F.3d 593, 594 (7th Cir. 2004) (citations and internal quotations omitted). As such, Cavines' claim that the Court abused its discretion for sentencing him within the guidelines range – standing alone – is not a cognizable Section 2255 claim. *See Taylor v. Gilkey,* 314 F.3d 832, 833 (7th Cir. 2002). Meanwhile, the Court properly followed Rule 32(i)(1) by ensuring that Cavines and his attorney read and discussed the presentence report. (Sent. H'rg at 3.) Nevertheless, any such claim that the Court did not follow Rule 32 is not cognizable on collateral review. *See Hill v. United States,* 368 U.S. 424, 426, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) (court's failure to follow formal requirements of Rule 32 is not an error that can be raised in a collateral attack).

The Court thus turns to Cavines' due process claim – which is cognizable on collateral review – namely, that the Court failed to conduct a competency hearing. "[T]he due process clause requires the trial judge to inquire *sua sponte* into a defendant's mental state, if events in court imply that the accused may be unable to appreciate the nature of the charges or assist his counsel in presenting a defense." *Timberlake v. Davis,* 409 F.3d 819, 822 (7th Cir. 2005); *see also United States v. Andrews,* 469 F.3d 1113, 1117 (7th Cir. 2006). Thus, if there is reasonable cause to believe that the defendant is incompetent, the court must hold a competency hearing. *See Ewing,* 494 F.3d at 622 (citing 18 U.S.C. § 4241). As discussed in detail above, there was no indication from Cavines' conduct that he was unable to appreciate the nature of the charges against him or that he could not assist his counsel in presenting his defense. Therefore, there was no reasonable cause to believe Cavines was incompetent, and thus the Court did not violate his due process rights.

## CONCLUSION

For these reasons, the Court denies Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

**Dated:** March 25, 2008

**ENTERED**

AMY J. ST. EVE
**United States District Court Judge**